762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY CAROL WOODSIDE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5340
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Western District of Kentucky
 BEFORE: KEITH and MARTIN, Circuit Judge, and PORTER.*
 PER CURIAM:
 
 
 1
 Plaintiff Mary Woodside appeals from a district court order granting summary judgment for the Secretary and dismissing her appeal from the Secretary's final denial of disability insurance and supplemental income disability benefits. Plaintiff originally filed for disability benefits in April 1979 and for supplemental income benefits in May 1979. On February 6, 1981, after administrative denial of the applications, the district court granted the Secretary summary judgment.
 
 
 2
 Thereafter, plaintiff submitted additional evidence consisting of a myelogram, a revised electromyographic report and depositions of Dr. Robert Baker and a vocational rehabilitation expert. On July 11, 1981, the court remanded the case for reconsideration in light of the new evidence. After a second administrative hearing, another administrative law judge (ALJ) concluded that plaintiff was not disabled as she could still perform her previous sedentary work. Plaintiff again appealed to the district court which issued another order granting summary judgment to the Secretary. We reverse and order payment of benefits for the following reasons.
 
 
 3
 Plaintiff was born on April 20, 1938. She was forty-three at the time of the second administrative hearing. She has completed two years of college and worked as a check handler at a bank, a secretary's aide, bookstore clerk and oven operator at a bakery. Plaintiff suffered her first back injury in September 1975. She later returned to work but suffered another back injury in February 1977. By March 1977 plaintiff's condition had worsened to the point of requiring surgery. That month, plaintiff underwent removal of a disc from her back and an iliac graft. After the surgery, however, plaintiff continued to experience severe pain. Her physicians performed plaintiff's second surgical back operation, a lumbar decompression on February 12, 1979.
 
 
 4
 At both hearings, plaintiff testified that she still experiences chronic pain which is relieved only by lying down. Jt. App. at 443. Plaintiff stated that although she cannot stand the pain, she must babysit and clean house for friends and relatives several hours a week in order to pay her utilities. Jt. App. at 456. The medical evidence establishes that after the first operation, plaintiff's diagnosis was spinal stenosis and degenerative lumbar disc disease. Dr. Robert Gaines, the original treating physician, reported a promising post operative recovery but left before the scarring of plaintiff's spinal cord and subsequent problems were evident. Jt. App. 391. Dr. Gaines later refuted any basis for finding that plaintiff could work during the two year period in between her surgical operations. Id.
 
 
 5
 Dr. Robert Baker, the physician who replaced Dr. Gaines, concluded that the post-surgery scarring of plaintiff's nerve root precluded an optimistic prognosis for her. In a report dated January 11, 1980, Dr. Barry Smith indicated plaintiff continued to suffer moderate to marked lower motor neuron dysfunction and complete blockage of the spine's caudal flow. Jt. App. at 473, 475. Dr. Smith found that the objective medical findings showed progressive worsening of plaintiff's back condition, Jt. App. at 548-549 and concluded that plaintiff had a 'persistent abnormality which would interfere with her ability to function normally.' Id.
 
 
 6
 Upon review of the record as a whole, we find substantial evidence does not support the Secretary's determination that plaintiff is not disabled under the Act. The miedical evidence establishes that plaintiff suffers from a chronic back condition which has required two surgical operations. Neither operation alleviated petitioner's pain or halted the progressive worsening of her condition. None of petitioner's treating physicians has released her for work. Yet, in order to earn money, she is forced to perform activities which further endanger her condition and cause her great physical pain. We do not find these activities constitute substantial gainful employment and further conclude on the basis of the treating physicians' diagnoses and appellant's uncontroverted testimony that substantial evidence does not support the Secretary's finding of no disability.
 
 
 7
 Accordingly, the judgment below is reversed with instructions to order payment of benefits.
 
 
 
 *
 Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation